IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Gregory F.,**[1] | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 23 C 14140 |
| v. | ) |
| | ) Magistrate Judge Laura K. McNally |
| **LEE DUDEK,** | ) |
| **Acting Commissioner of** | ) |
| **Social Security,**[2] | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**[3]

Before the Court is Plaintiff Gregory F.'s memorandum in support of his motion to reverse and remand the Administrative Law Judge's ("ALJ") decision denying his disability benefits application (D.E. 13: Pl. Mem. in Supp. of Rev. or Rem. the Decision Under Review, "Pl. Mem."), and Defendant's motion for summary judgement (D.E. 16) and memorandum in support of the motion for summary judgment. (D.E. 17: Def. Mem. in Supp. of Mot. for Summ. J., "Def. Mem.")

---

[1] The Court in this order is referring to Plaintiff by his first name and first initial of his last name in compliance with Internal Operating Procedure No. 22 of this Court.
[2] The Court substitutes Lee Dudek for his predecessor(s) as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).
[3] On October 4, 2023, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (D.E. 6.)

I. **Procedural History**

Plaintiff applied for disability insurance benefits on August 30, 2021, alleging disability stemming from a work injury to his left arm that occurred on October 12, 2020. (R. 219.) Plaintiff's date last insured is December 31, 2026. (R. 312.) The ALJ held a video hearing on January 25, 2023. (R. 42.) At the hearing, Plaintiff requested that the ALJ issue a medical interrogatory to a medical expert about whether his impairment equaled listing 1.21—soft tissue injury or abnormality under surgical management. (R. 42.) On February 17, 2023, the ALJ issued a written decision denying Plaintiff's request for a medical interrogatory and denying his application for benefits, finding him not disabled under the Social Security Act. (R. 55.)

After the ALJ's decision, Plaintiff submitted two pieces of new evidence to the Appeals Council, contending that they justified review of the ALJ's decision. On August 25, 2023, the Appeals Council denied review, finding that the evidence did not relate to the time period at issue. (R. 8-9.) The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023). This appeal followed. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

II. **The ALJ Decision**

The ALJ applied the Social Security Administration's five-step sequential evaluation process to Plaintiff's claims, described below. At Step One, the ALJ found

2

that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (R. 45.) At Step Two, the ALJ determined that Plaintiff suffered from the severe impairment of disorders of the left upper extremity. (*Id.*) The ALJ also found that Plaintiff had the medically determinable but nonsevere impairments of obesity, hypertension, and glaucoma of the right eye. (*Id.*)

At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal listing 1.18— abnormality of major joints in any extremity—because Plaintiff did not demonstrate a documented medical need for a walker, bilateral canes, bilateral crutches, a wheeled and seated mobility device, or a one-handed hand-held assistive device. (R. 47.)

Separately, the ALJ found that Plaintiff did not meet or medically equal listing 1.21—soft tissue injury or abnormality under continuous surgical management— because he had not undergone surgical management for his left arm impairment for at least 12 months, as the listing requires. (R. 46-47.) The ALJ denied Plaintiff's request for a medical interrogatory about whether he equaled listing 1.21 because "the claimant has failed to provide a reasonable basis that could support a medical equivalence finding." (R. 43.)

Before Step Four, the ALJ assessed a residual functional capacity for Plaintiff to perform light work such that he is able to:

3

> lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, and has no limitations in his ability to sit, stand or walk throughout an eight-hour workday. The claimant can occasionally climb ramps and stairs, and he can occasionally stoop, kneel, balance, crouch and crawl, but he can never climb ladders, ropes or scaffolds. His right upper extremity is unimpaired. He is not limited in his ability to use his left upper extremity at desk or bench level, but using his left upper extremity he can only occasionally reach further forward than desk or bench level or in other directions. He can never use his left upper extremity to reach overhead. He is not capable of working where he would be exposed to excessive vibration. The claimant is limited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, working at unprotected heights, and he should avoid concentrated exposure to unguarded hazardous machinery.

(R. 47.)

At Step Four, the ALJ found that Plaintiff was unable to perform his past relevant work as an industrial truck operator or material handler. (R. 53.) At Step Five the ALJ found that there were other jobs in the national economy that matched Plaintiff's residual functional capacity. (R. 54.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (R. 55.)

### III. Legal Standard

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). To determine whether a plaintiff is disabled, the ALJ

4

considers the following five questions, known as "steps," in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either Step Three or Step Five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step other than at Step Three precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at Steps One to Four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work that exists in significant numbers in the national economy. *Id.*

The Court does not "merely rubber stamp the ALJ's decision on judicial review." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022). An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. As the Seventh Circuit stated, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by

5

a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024).

"All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054. The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" *Id*. (citation omitted).

The Seventh Circuit has further clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted). As long as an ALJ gives specific reasons supported by the record, the Court "will not overturn a credibility determination unless it is patently wrong." *Deborah M. v. Saul*, 994 F.3d 785, 789 (7th Cir. 2021).

**IV.     Analysis**

At the time of the hearing, Plaintiff had been working as a material handler for 22 years. (R. 741.) On October 12, 2020, while trying to lift a piece of wood at the back of a trailer truck, Plaintiff sustained a left distal bicep tendon rupture and left rotator cuff tear. (R. 246.) He underwent initial surgery on his left elbow on October 26, 2020. (R. 408.) Plaintiff then participated in physical therapy, attending at least 37 sessions from November 2020 to March 2021. (R. 316.) Because of hardware migration from his first surgery, Plaintiff had a corrective left elbow surgery on May 11, 2021. (R. 664.) Nine months after his second surgery, on February 21, 2022, Plaintiff had surgery on his left shoulder to repair a torn rotator cuff. (R. 723.)

The ALJ found Plaintiff not disabled on February 17, 2023. (R. 55.) Plaintiff presents three arguments on appeal: First, Plaintiff contends that the Appeals Council erred by denying review of the ALJ's decision after Plaintiff submitted two new pieces of evidence. Second, Plaintiff asserts that the ALJ erred by refusing Plaintiff's request to issue a medical interrogatory on whether Plaintiff's impairment equaled listing 1.21. Third, Plaintiff requests reassignment to a new ALJ on remand.

**A.  THE APPEALS COUNCIL DID NOT ERR BY DENYING REVIEW.**

Plaintiff contends that the Appeals Council erred when it refused to review the ALJ's decision based on Plaintiff's submission of two new pieces of medical evidence. (Pl. Mem. 9.) Plaintiff argues that this decision was wrong because the evidence

7

"reflects a medical condition that existed during the period at issue" (Pl. Mem. 8) and could have resulted in a finding that Plaintiff meets listing 1.18. (Pl. Mem. 9.)

The Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). The claimant must also show "good cause for not informing [the Social Security Administration] about or submitting the evidence" sooner. 20 C.F.R. § 416.1470(b).

The scope of the district court's review of the Appeals Council's denial depends upon the grounds given by the Appeals Council. *See Stepp v. Colvin*, 795 F.3d 711, 725 (7th Cir. 2015). If the Appeals Council denies review because new evidence is "non-qualifying under the regulation"— in other words, not new, material, and time-relevant—the Court conducts a de novo review of whether the evidence was relevant under the regulations. *Id.* at 722. If the Court then finds that the evidence is new, material, and time-relevant, an error of law exists, and remand may be appropriate. *Id.* (citing *Farrell v. Astrue*, 692 F.3d 767 (7th Cir. 2012)).

On the other hand, if the Appeals Council found the new evidence was relevant under the regulatory criteria but denied review because, considering the record, "there is [no] reasonable probability that the additional evidence would change the outcome of the decision," then the Appeals Council's decision not to engage in review is

8

discretionary and unreviewable. *See id.*; *Ali v. O'Malley*, No. 23 C 1265, 2024 WL 1254574, at *2–3 (N.D. Ill. Mar. 25, 2024).

In this case, Plaintiff submitted two documents of medical evidence to the Appeals Council after the ALJ's February 17, 2023 decision: one from orthopedist Leah Urbanosky, M.D., dated March 29, 2023, and another from Thomas Poepping, M.D., dated April 3, 2023. Dr. Urbanosky provided an occupational therapy referral stemming from diagnoses of bursitis of the right shoulder, medial epicondylitis of the right elbow, and lateral epicondylitis of the right elbow. (R. 23.) Dr. Poepping, Plaintiff's treating provider, issued an opinion that Plaintiff "meets or equals" listing 1.18 because he "has permanent loss of function as a result of 2 surgeries on his left elbow and 1 surgery on his L shoulder." (R. 22.)

The Appeals Council determined that "the additional evidence does not relate to the period at issue" (R. 9) and "therefore does not affect the decision about whether [Plaintiff was] disabled beginning on or before February 17, 2023." (R. 2.) As such, it denied Plaintiff's request for review. (R. 1.) Because the Appeals Council denied review when it found that the evidence was not time relevant, this Court's review is de novo.

Turning first to Dr. Urbanosky, Plaintiff offers only the conclusory statement that this proffered referral was "new, material, relating to the period on or before the hearing decision, and reasonably likely to change the outcome of the decision.'" (Pl.

9

Mem. 8.) This conclusory assertion is insufficient to support remand, and the challenge regarding Dr. Urbanosky is denied.

With respect to Dr. Poepping's opinion, Plaintiff provided more information. For the Appeals Council to review something as additional evidence, new evidence must relate to the period on or before the date of the hearing decision. 20 C.F.R. § 404.970(a)(5). For Plaintiff, this date was February 17, 2023. (R. 55.) Dr. Poepping's opinion was dated April 3, 2023. (R. 22.)

Plaintiff asserts that Dr. Poepping's opinion was timely because it "reflects a medical condition that existed during the period at issue" (Pl. Mem. 8) and includes a doctor's opinion that he says is "based on his treatment of Plaintiff from October 2020 through April 2022, during most of the relevant period." (Dkt. 18: Pl. Reply, at 2.) For the first time in his reply, Plaintiff offers legal authority to support this assertion. Neither case Plaintiff cites calls into question the Appeals Council's refusal to review evidence from outside the relevant time period. The piece of evidence Plaintiff submitted to the Appeals Council here was a single sentence opinion—on a form document provided by Plaintiff's attorney—that Plaintiff met listing 1.18. (R. 22.) Nothing on the form suggested that it represented an opinion from any other time than the date it was created– six weeks after the ALJ issued her decision. Therefore, the Court agrees that the Appeals Council properly refused to review the ALJ's decision based on untimely evidence. *Compare Bjornson v. Astrue*, 671 F.3d 640, 642 (7th Cir. 2012)

(ALJ specifically found later dated evidence relevant to the question of disability); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303 (7th Cir. February 14, 2023) (medical test ordered prior to ALJ's decision related to relevant time period even though test actually occurred later.) Moreover, even if Dr. Poepping's opinion was timely, the Appeals Council's refusal to consider it was harmless. To meet listing 1.18, Plaintiff would have to provide evidence that he met part D of the listing requirement. This means that he either needs an assistive device or has the inability to use both arms. 20 C.F.R. pt. 404-P, app. 1 (2025). Plaintiff has not done either. As the ALJ originally concluded after reviewing all the evidence, Plaintiff's "impairments, singly or in combination, do not meet the paragraph D functional criteria for the listing" because "there is no documented medical need" for any assistive device use nor inability to use both upper extremities to the extent required." (R. 47.)

On de novo review, the Court finds no error by the Appeals Council when it rejected Plaintiff's request for review based on his submission of supplemental evidence.

### B.  THE ALJ DID NOT ERR BY REFUSING TO ORDER A MEDICAL INTERROGATORY.

Plaintiff next argues that the ALJ erred when he denied Plaintiff's request for a medical interrogatory as to whether Plaintiff equaled listing 1.21. (Pl. Mem. 9-10.) As relevant here, listing 1.21 requires the following:

11

  A. Evidence confirms continuing surgical management directed toward saving, reconstructing, or replacing the affected part of the body; and

  B. The surgical management has been, or is expected to be, ongoing for a continuous period of at least 12 months; and

  C. Maximum benefit from therapy has not yet been achieved.

Plaintiff does not argue that the ALJ erred by finding he did not meet the listing. Instead, he argues that the ALJ should have allowed his medical interrogatory on the issue of equivalency, which he says would have shown that the three surgeries he underwent on his left arm—two on his elbow and one on his shoulder—constituted a single episode of surgical management lasting at least 12 months. Moreover, he contends that a medical interrogatory to that effect would have changed the ALJ's decision. (Pl. Mem. 10.) The Court disagrees.

"At step three, the ALJ must determine whether the claimant's impairments are 'severe enough' to be presumptively disabling—that is, so severe that they prevent a person from doing any gainful activity and make further inquiry into whether the person can work unnecessary." *Jeske v. Saul*, 955 F.3d 583, 588 (7th Cir. 2020). "An impairment is presumptively disabling if it is listed in the relevant regulations' appendix, *see* 20 C.F.R. § 404.1525(a), or if it is 'medically equivalent' to a listing. *Id.* § 404.1526(a)."

A medically equivalent impairment has characteristics "'at least of equal medical significance' to all the specified criteria in a listing." *Id.* (quoting 20 C.F.R. § 404.1526(b)).

12

Thus, to show that an impairment is medically equivalent to a listed impairment, Plaintiff must demonstrate that "h[is] impairment is at least equal in severity and duration to the criteria of any listed impairment," such as by "offering other findings related to h[is] impairment that are at least of equal medical significance to the required criteria." *Deloney v. Saul*, 840 F. App'x 1, 4 (7th Cir. 2020) (internal quotation marks and brackets omitted).

Social Security Ruling 17-2p explains that ALJs "may ask for and consider evidence from medical experts," but they are not required to do so if the ALJ believes "the evidence does not reasonably support a finding" that an individual meets or equals a listing. SSR 17-2p, 2017 WL 3928306, at *3, 4 (Mar. 27, 2017). *Wilder v. Kijakazi*, 22 F.4th 644, 650 (7th Cir. 2022). As long as the ALJ "believe[d] that the evidence [did] not reasonably support a finding that [Plaintiff's] impairment(s) medically equal[ ] a listed impairment," he was not required to obtain a medical expert's opinion. SSR 17-2p, 2017 WL 3928306, at *4. And, either way, an ALJ's decision not to request such an opinion does not warrant remand. *Wilder v. Kijakazi*, 22 F.4th 644, 653 (7th Cir. 2022).

In this case, the ALJ supported with substantial evidence her determination that Plaintiff did not meet or equal listing 1.21. The ALJ explained that Plaintiff underwent two elbow surgeries seven months apart. (R. 46.) After the second surgery to repair migrated hardware in May 2021, the ALJ noted "no indication of further surgical intervention for the claimant's left elbow, nor is there evidence of further surgical

13

complications, related illnesses or related treatment that delay attainment of maximum benefit." In fact, the ALJ noted that "to the contrary . . . [t]he only postoperative treatment has been physical therapy, which is designed to attain maximum benefit from therapy, not delay maximum benefit." (*Id.*)

The ALJ then noted that Plaintiff also underwent left shoulder surgery on February 21, 2022. Again, the ALJ explained that after this surgery ended, there was no evidence of further surgical intervention other than physical therapy and injections, both of which were designed to improve—not delay—Plaintiff's maximum benefit from surgery. (*Id.*)

With respect to equivalency, the ALJ explained that because Plaintiff "failed to provide a reasonable basis that could support a medical equivalence finding" (R. 43), he "did not find a basis to consider if the claimant's impairments could equal listing 1.21." (R. 42.) The Court agrees with the ALJ's assessment.

Plaintiff offers no evidence to support listing 1.21 beyond the fact that his three surgeries all stemmed from injuries due to his workplace accident. "Rather than identify a specific basis for a possible medical equivalence finding," the ALJ explained, Plaintiff only raised the 12-month time period issue. (*Id.*) The ALJ found this was not enough to warrant engaging a medical expert to offer an opinion on equivalence.

The ALJ pointed out that Plaintiff's "file was reviewed by two separate experts, one of whom was able to consider the claimant's entire documented surgical history."

14

(R. 47.) Neither consultant opined that there was medical equivalence for any listing. As the ALJ explained, the consultants did not find listing 1.21 was the appropriate listing for consideration at all. (*Id.*) The Court therefore finds that the ALJ's decision not to engage a medical expert was supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's memorandum seeking to remand the ALJ's decision (D.E. 13) and affirms that of Defendant seeking to affirm. (D.E. 16.) Because the Court finds no basis to remand, it does not reach Plaintiff's request for assignment to a new ALJ.

**SO ORDERED.**

                                          **ENTER:**

                                            **LAURA K. MCNALLY**

                                            **United States Magistrate Judge**

**DATED: May 5, 2025**